UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC OLIN LEVY,<br><br>    Plaintiff,<br><br>    v.<br><br>AT&T,<br><br>    Defendant. | Case No. 17-cv-00411-MEJ<br><br>**ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND**<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

The Court previously granted Plaintiff Marc Olin Levy's ("Plaintiff") Application to Proceed in Forma Pauperis. Dkt. No. 7.[1] The Court now proceeds to review Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2). *See* Compl., Dkt. No. 1. For the reasons stated below, the Court **DISMISSES** the Complaint **WITHOUT LEAVE TO AMEND**. In addition, the Court issues an **ORDER TO SHOW CAUSE** as to why Plaintiff should not be deemed a vexatious litigant.

//
//

---

[1] Defendant AT&T ("AT&T") has not been served, and therefore is not a party to the suit pursuant to 28 U.S.C. § 636(c). *See Williams v. Oakland Police Dep't*, 2015 WL 5355393, at *1 (N.D. Cal. Sept. 14, 2015). On January 26, 2017, Plaintiff filed a "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge" indicating he consents to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Consent, Dkt. No. 6. As this form was dated December 18, 2016—a month before Plaintiff initiated this action—and unsigned by a district judge, the Court requested Plaintiff to re-file his consent or declination, and served the notice by mailing it to Plaintiff's address on file. Dkt. Nos. 8 & 8-1. The notice was returned as undeliverable. Dkt. No. 9. As the Court has no other contact information for Plaintiff, it accepts Plaintiff's original Consent.

**SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(e)(2)**

**A.     Legal Standard**

While the Court has granted Plaintiff's Application to Proceed In Forma Pauperis, it must also review Plaintiff's Complaint to determine whether the action may be allowed to proceed. The Court must dismiss the Complaint if it is frivolous, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  To make this determination, courts assess whether there is a factual and legal basis for the asserted wrong, "however inartfully pleaded."  *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984) (quotation omitted).  Pro se pleadings are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  Moreover, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal.  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

**B.     Allegations in the Complaint**

Plaintiff alleges AT&T failed to publish his advertisement for his Civil Rights law firm in its December 2011-2012 San Francisco Bay Area Yellow Pages.  Compl. at ECF p.3.  Plaintiff asserts that on October 28, 2011, he emailed AT&T with a specific advertisement that read "Marc Olin Levy Law Firm," with his slogan "Lawyer For The People" written below it.  *Id.*  The advertisement listed in bullet points the types of law Plaintiff practiced and provided his contact information.  *Id.*  Plaintiff asserts AT&T responded to his email with "another advertisement they had made up themselves."  *Id.*  AT&T's advertisement listed a different slogan, disregarded Plaintiff's bullet points, and stated Plaintiff was an "Attorney at Law."  *Id.*  Plaintiff contends "I am not an attorney, I am a lawyer."  *Id.*  Plaintiff alleges AT&T "refused to print [his] ad as [he] had created and ordered."  *Id.*

Plaintiff's claims are less than clear; however, he appears to assert claims of breach of

contract, fraud, misrepresentation, unfair business practices, and violation of civil rights. *See id.* ("Obviously, AT&T is guilty and liable for breach of contract, fraud, [] misrepresentation, unfair business practice, and a civil rights violation."); *but see* Civil Cover Sheet, Dkt. No. 1-1 (checking box indicating contract dispute but not civil rights; listing under "cause of action" only "fraud, civil rights"; and providing "brief description of cause" that "ATT [sic] broke contract, violated civil rights"). He seeks as damages $2 billion in preferred AT&T stock. *Id.*

**C.    Analysis and Screening**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that the complaint set forth a "short and plain statement of the claim showing the pleader is entitled to relief." Rule 8(d)(1) requires that each allegation in a pleading be "simple, concise, and direct." *See McHenry v. Renne*, 84 F.3d 1172, 1177, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"). In addition, the complaint must include facts which are "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). For instance, in *Ashcroft v. Iqbal*, the Supreme Court rejected conclusory assertions that "petitioners 'knew of, condoned, and willfully and maliciously agreed to subject [him]' to harsh conditions of confinement 'as a matter of policy, solely on the account of [his] religion, race, and/or national origin and for no legitimate penological interest.'" 556 U.S. 662, 680 (2009). The Court reasoned that such allegations were akin to the "formulaic recitation of the elements" dismissed in *Twombly*, and therefore, insufficient to meet Rule 8(a). *Id.* In doing so, the Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

As an initial matter, Plaintiff already attempted to litigate these claims in 2011, in a case styled *Levy v. AT&T Corp.*, Case No. 11-cv-6615-DMR (N.D. Cal.) ("*Levy I*"). The presiding judge in that matter, the Honorable Donna M. Ryu, dismissed the action without prejudice on the basis that "the court [could] not discern a cognizable legal claim based on Defendant's alleged mere refusal to not publish Plaintiff's advertisement in the style and with the content that he

3

desired." Dismissal Order, Dkt. No. 6 at 1-2, *Levy I*.[2] Plaintiff did not amend his complaint. *See Levy I*.

Like Judge Ryu, this Court cannot identify a cognizable claim based on AT&T's alleged refusal to print Plaintiff's advertisement in his preferred style. Dismissal Order at 1-2. To the extent Plaintiff seeks to allege breach of contract, fraud, and misrepresentation, these causes of action are time barred, as the events at issue occurred in 2011. *See* Cal. Civ. Proc. Code § 337 (four-year statute of limitations on action upon any written contract); Cal. Civ. Proc. Code. § 339 (two-year statute of limitations on "[a]n action upon a contract, obligation or liability not founded upon an instrument of writing"); Cal. Civ. Proc. Code. § 338(d) (imposing three-year statute of limitations on fraud action);[3] *Fanucci v. Allstate Ins. Co.*, 638 F. Supp. 2d 1125, 1133 n.5 (N.D. Cal. 2009) (depending on the circumstances, "[a] negligent misrepresentation claim has either a two- or three-year statute of limitations."); *Rae v. Bank of Am., N.A.*, 2017 WL 447306, at *3 (C.D. Cal. Feb. 1, 2017) ("The statute of limitations for . . . [a] claim for intentional misrepresentation[] is three years." (citing Cal. Code Civ. Proc. § 338(d))).

Normally, given Plaintiff's pro se status, the Court would grant Plaintiff leave to amend. But amendment would be futile as each of Plaintiff's claims is time barred, and the Court cannot discern a cognizable claim based on the alleged events.[4] Accordingly, the Court DISMISSES the Complaint WITHOUT LEAVE TO AMEND.

## VEXATIOUS LITIGANT

"When a litigant has filed numerous harassing or frivolous lawsuits, courts have the power to declare him a vexatious litigant and enter an order requiring that any future complaints be

---

[2] Citations to "*Levy I*" refer to documents filed in Case No. 11-cv-6615-DMR.

[3] A cause of action for fraud deemed accrued only when the plaintiff "discover[s] . . . the facts constituting the fraud[.]" Cal. Civ. Proc. Code § 338(d). As Plaintiff attempted to sue AT&T in 2011 for claims arising out of the same events (*Levy I*), he discovered the facts constituting the alleged fraud no later than that time, and cannot rely on the delayed discovery rule to excuse his untimeliness.

[4] The Court also finds the instant Complaint offers no greater detail as to why AT&T's alleged refusal to print Plaintiff's advertisement presents a cognizable civil rights claim compared to the complaint Plaintiff filed in *Levy I*.

subject to an initial review before they are filed." *Gavin v. City & Cty. of S.F.*, 2015 WL 7272678, at *3 (N.D. Cal. Nov. 18, 2015). "The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing *Weissman v. Quail Lodge Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999)).

The Ninth Circuit cautions that "pre-filing orders should rarely be filed." *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). Limiting access to the courts is "a serious matter" that implicates a person's First Amendment Rights. *Ringgold-Lockhart v. Cty. of L.A.*, 761 F.3d 1057, 1061 (9th Cir. 2014); *see Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990). As such, the Ninth Circuit has set forth the following process courts must follow in declaring an individual a vexatious litigant:

> When district courts seek to impose pre-filing restrictions, they must: (1) give litigants notice and "an opportunity to oppose the order before it [is] entered"; (2) compile an adequate record for appellate review, including "a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed"; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as "to closely fit the specific vice encountered."

*Ringgold-Lockhart*, 761 F.3d at 1062 (quoting *De Long*, 912 F.2d at 1147-48).

Since 2010, Plaintiff has filed twenty lawsuits in this district; Exhibit A to this Order lists those lawsuits and their outcome. Plaintiff has frequently filed multiple—up to six—lawsuits in a single day.[5] In sixteen of those actions, including this one, Plaintiff has proceeded in forma

---

[5] Plaintiff filed four lawsuits on November 10, 2010. *See Levy v. State of Cal.*, Case No. 10-cv-5113-SI (N.D. Cal.); *Levy v. Private Def. Program*, Case No. 10-cv-05114-RS (N.D. Cal.); *Levy v. Telecare Corp.*, Case No. 10-cv-05115-SI (N.D. Cal.); *Levy v. San Mateo Cty.*, Case No. 10-cv-05116-SI (N.D. Cal.). On December 22, 2011, Plaintiff filed three lawsuits. *See Levy v. Cumulus Media Inc.*, Case No. 11-cv-06616-WHA (N.D. Cal.); *Levy v. N.Y. Life Ins. Co.*, Case No. 11-cv-06617-JCS (N.D. Cal.); *Levy I*. He next filed six lawsuits on March 14, 2012. *See Levy v. Newscorp*, Case No. 12-cv-01293-EDL (N.D. Cal.); *Levy v. United States*, Case No. 12-cv-01294-EDL (N.D. Cal.); *Levy v. Comerica Bank*, Case No. 12-cv-01296-MEJ (N.D. Cal); *Levy v. United States*, Case No. 12-cv-01295-DMR (N.D. Cal.); *Levy v. United States*, Case No. 12-cv-01297-DMR (N.D. Cal.); *Levy v. Mass Mut.*, Case No. 12-cv-01298-LB (N.D. Cal.). Most recently, in addition to the above-captioned action, Plaintiff filed two other lawsuits on January 26, 2017. *See Levy v. Vista Holdings*, Case No. 17-cv-0049-JSC (N.D. Cal); *Levy v. First Grp./Greyhound*, Case

pauperis. *See* Ex. A. Each case has been dismissed, several for failure to file an amended complaint or to state a cognizable claim. Accordingly, the Court ORDERS Plaintiff to show cause why he should not be declared a vexatious litigant subject to a pre-filing order entered against him.

## CONCLUSION

Based on the analysis above, the Court **DISMISSES** Plaintiff's Complaint **WITHOUT LEAVE TO AMEND**. In addition, the Court **ORDERS** Plaintiff to show cause as to why he should not be declared a vexatious litigant. Plaintiff shall file his response no later than **April 3, 2017**.

**IT IS SO ORDERED.**

Dated: March 2, 2017

MARIA-ELENA JAMES
United States Magistrate Judge

---

No. 17-cv-0412-KAW (N.D. Cal.).

# EXHIBIT A

|  | Case Number | Name | Outcome |
|---|---|---|---|
| 1. | 10-cv-5113-SI* | *Levy v. State of Cal.* | Dismissed with prejudice |
| 2. | 10-cv-5114-RS* | *Levy v. Private Def. Program* | Dismissed pursuant to Fed. R. Civ. P 41(b) |
| 3. | 10-cv-5115-SI* | *Levy v. Telecare Corp.* | Dismissed without prejudice |
| 4. | 10-cv-5116-SI* | *Levy v. San Mateo Cty.* | Dismissed without prejudice |
| 5. | 11-cv-1850-RS | *Levy v. Private Def. Program* | Dismissed without prejudice after Plaintiff failed to pay filing fee or serve defendants |
| 6. | 11-cv-6616-WHA* | *Levy v. Cumulus Media Inc.* | Dismissed for failure to plead facts sufficient to state a claim |
| 7. | 11-cv-6617-JCS* | *Levy v. N.Y. Life Ins. Co.* | Case terminated after Plaintiff failed to file an amended complaint |
| 8. | 12-cv-1293-EDL* | *Levy v. Newscorp* | Case terminated after Plaintiff failed to file an amended complaint |
| 9. | 12-cv-1294-EDL* | *Levy v. United States* | Dismissed with prejudice for failure to file an amended complaint |
| 10. | 12-cv-1296-MEJ* | *Levy v. Comerica Bank* | Dismissed without prejudice for failure to file an amended complaint |
| 11. | 11-cv-6615-DMR* | *Levy v. AT&T Corp.* | Dismissed without prejudice |
| 12. | 12-cv-1295-DMR* | *Levy v. United States* | Dismissed as frivolous for seeking a remedy only the legislative branch could provide |
| 13. | 12-cv-1297-DMR* | *Levy v. United States* | Dismissed as frivolous because claims fell outside court's subject matter jurisdiction |
| 14. | 12-cv-1298-LB* | *Levy v. Mass Mut.* | Dismissed without prejudice for failure to show cause as to why the case should not be dismissed for lack of service |
| 15. | 14-cv-4073-EJD^ | *Levy v. State Farm Mut. Auto. Ins. Co.* | Granted defendant's unopposed motion on the pleadings (appeal pending) |
| 16. | 16-cv-1254-HRL^ | *Levy v. Primerica, Inc.* | Granted defendant's motion to dismiss; complaint dismissed with prejudice |
| 17. | 14-cv-4116-EJD^ | *Levy v. Nw. Mut. Life* | Granted defendant's unopposed motion to dismiss without leave to amend |
| 18. | 15-cv-6136-EDL^ | *Levy v. Mass. Mut. Life Ins. Co.* | Granted defendant's unopposed motion to dismiss with prejudice |
| 19. | 17-cv-409-JSC* | *Levy v. Vista Holdings* | Dismissed with leave to amend; case pending |
| 20. | 17-cv-412-KAW* | *Levy v. First Grp./Greyhound* | Case pending |
| 21. | 17-cv-411-MEJ* | *Levy v. AT&T* | Case pending |

\* Plaintiff proceeded in forma pauperis.
^ Case removed from state court.

7